IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO: 5:08-CV-00072

PHOENIX COLVARD DEVELOPMENT, )
CHARLES HUNTER, and )
JOCELYN HUNTER, )
       Plaintiffs, )
)
v. ) **ORDER**
)
SHELDON GOOD & COMPANY )
INTERNATIONAL, LLC, )
       Defendant. )
)

**THIS MATTER** is before the court on Defendant's Motion to Dismiss and Memorandum in Support filed July 21, 2008 (Documents ##4-5), Plaintiffs' Motion to Remand and Memorandum in Support filed August 7, 2008 (Documents ##7-8), Defendant's Memorandum in Opposition to Remand filed August 20, 2008 (Document #9), and Plaintiffs' Reply to Defendant's Response to Motion to Remand filed August 28, 2008 (Document #10). These matters are now ripe for disposition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in this case are North Carolina citizens and the former owners of a parcel of mountain land.[1] Defendant is an Illinois company in the business of listing and auctioning real estate.

---

[1] There is some dispute as to whether Phoenix Colvard Development ever had any interest in the property that was the subject of the contract for sale in this case. Defendant avers that Phoenix Colvard Mountain LLC, not Phoenix Colvard Development, was the actual party to the listing agreement with Defendant and that Phoenix Colvard Development is not a proper party. It appears from the filings in this case that both Phoenix Colvard Development and Phoenix Colvard Mountain LLC are limited liability companies whose members are Charles and Jocelyn Hunter. However, this issue has no bearing on the determination of this order.

1

After deciding to sell their mountain real estate, Plaintiffs entered into a contract with Defendant on May 12, 2005 to list, advertise, and auction this piece of land in an effort to obtain the best possible price.[2] As a result of these efforts, the property was sold on July 31, 2006. Pursuant to the terms of the contract, Plaintiffs paid Defendant's expenses and paid Defendant a commission on the sale.

On June 20, 2008, Plaintiffs initiated this suit in the North Carolina Superior Court for Ashe County alleging fraud in the inducement, negligent misrepresentation, unfair and deceptive trade practices, and breach of contract, all stemming from Defendant's alleged failure to properly market and sell the property in accordance with the terms of the contract. Defendant received a copy of Plaintiffs' complaint by certified mail on June 27, 2008. However, no summons was ever issued. On July 18, 2008, Defendant filed a notice of removal with this court pursuant to 28 U.S.C. §§ 1332(a) and 1446. Shortly thereafter, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(4) on the ground that Defendant had not been properly served.[3] Subsequently, Plaintiffs filed a Motion to Remand claiming that removal had been improper. In their motion, Plaintiffs argued that in the absence of a summons, the case abated five days after the filing of the initial complaint and so there was no case to remove at the time Defendant filed its notice of removal.

## II. ANALYSIS

**A. Removal**

The first issue this court must decide is whether removal was proper in this case. "A

---

[2]Again, Defendant claims that the only party to the listing agreement in this case was Phoenix Colvard Mountain LLC and that the Hunters and Phoenix Colvard Development are not proper parties.

[3]Defendant also moved to dismiss on other grounds, but this court does not need to address these other arguments in favor of dismissal given its decision in the instant order.

defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir.1996) (citing 28 U.S.C. § 1441). If the district court lacks jurisdiction, the case should be remanded to state court for any further proceedings. Id. (citing 28 U.S.C. § 1447(c)). In the present case, neither party disputes that this action could have originally been brought in federal court pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists between the parties, and the Defendant is not a citizen of North Carolina, where the action was originally brought by Plaintiffs. In addition, the amount in controversy exceeds the jurisdictional requirement of $75,000. Among other things, Plaintiffs' complaint seeks a refund of the commission received by Defendant for the sale of the property, and this commission was in excess of $300,000. Thus, federal diversity jurisdiction exists in this case.

Despite these facts, Plaintiffs argue that removal was improper because the state action had abated before removal occurred. A civil action must be removed "within 30 days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446 (emphasis added). This language indicates "a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served." Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000). This interpretation is reinforced by 28 U.S.C. § 1448, which allows for service to be completed upon one or more defendants who were not served with process prior to removal from state court. Id. Under North Carolina law, an action is commenced upon the filing of a complaint. N.C. R. Civ. P. 3(a). Thus, a North Carolina case can be removed to federal court as soon as the complaint is filed: the defendant need not wait to be served.

However, North Carolina law also provides that if no summons is issued within five days of

3

the filing of the complaint, the action abates. Roshelli v. Sperry, 291 S.E.2d 355, 357 (N.C. App. 1982); see also N.C. R. Civ. P. 4(a). If a summons is later issued, the case is revived, but the date of the action does not relate back to the filing of the original complaint for purposes of the statute of limitations.[4] Id. The question presented in this case is whether an action that has abated for failure to issue a summons within five days of the filing of the complaint can nevertheless be removed to federal court if the notice of removal is otherwise timely and properly filed according to 28 U.S.C. § 1446.

Removal under these circumstances was proper. "When proper summons was not issued within five days of the filing of the complaint . . . the action was subject to dismissal upon motion by the defendant . . . ." Stokes v. Wilson and Redding Law Firm, 323 S.E.2d 470, 474 (N.C. App. 1984). However, the action does not automatically terminate after the five day period for issuance of a summons passes. In Roshelli, the North Carolina Court of Appeals affirmed the district court's refusal to dismiss plaintiff's claim despite the fact that a summons had not been issued within five days of the filing of the complaint. 291 S.E.2d at 357. In that case, the defendant did not move to dismiss until after the plaintiff had obtained issuance of a summons, and the court held that the action was recommenced by the issuance of this summons even though the five day limit specified in N.C. R. Civ. P. 4(a) had already elapsed. Id. The plaintiff in that case was not required to refile the complaint in

---

[4]Plaintiffs point to language in Conner Bros. Machine Co. v. Rogers, 629 S.E.2d 344, 345 (N.C. App. 2006) stating that "where a summons does not issue within five days of the filing of a complaint, the action abates and is deemed never to have commenced" to support their contention that there was no action to remove. However, the court in Conner Bros. cites directly to the decision in Roshelli for this proposition, and as discussed above, in that case the court held that an action which abates for failure to issue a summons is "not commenced" with the filing of the original complaint only in the context of the statute of limitations. Thus, the language in Conner Bros. is not as broad as Plaintiffs suggest.

4

order to proceed with the case. Id. Thus, an action is not actually terminated until such time as the defendant files a motion to dismiss and this motion is granted by the court. Until this occurs, there is still a pending case subject to dismissal.

In the present case, although the action had abated by the time of removal for failure to issue a summons, the case remained dormant. In this situation, the case could be revived upon issuance of a summons by the plaintiff so long as this occurred within the statute of limitations, or the case could be dismissed upon motion of the defendant. See Stokes, 323 S.E.2d at 474. Because the case did not terminate completely and automatically upon the failure to issue a summons but instead remained subject to revival, removal was still available to the Defendant in this context. Although the cases cited by Plaintiffs firmly establish that a court lacks authority to enter a judgment against a defendant on the merits of a case when no summons is issued, in the cases of In re Mitchell, 485 S.E.2d 623, 624 (N.C. App. 1997), Stokes, 323 S.E.2d at 474, and Roshelli, 291 S.E.2d at 357, the North Carolina Court of Appeals also recognized that in this situation a court still has the power to hear a defendant's motion to dismiss. Because a state court would have the power to grant a defendant's motion to dismiss under the circumstances of this case, this court sees no reason why it would lack the same power sitting in diversity. Plaintiffs' contention that this court lacks the authority to hear Defendant's Motion to Dismiss because of Plaintiffs' failure to issue a summons is therefore incorrect.

This decision is supported by analogous decisions from several districts. In Wolfe Cycle Sports, Inc. v. Yamaha Motor Corp., 366 F. Supp. 2d 885 (D. Neb. 2005), the court granted the defendant's motion to dismiss for plaintiff's failure to timely serve the defendant under Nebraska state law. In that case, plaintiff had failed to serve the defendant within six months of filing the complaint

5

in state court. Thereafter, the case was removed by the defendant to federal court. Although the district court applied Nebraska state law and recognized that Nebraska Supreme Court decisions held that "a state court has no subject matter jurisdiction to consider a case after six months have elapsed from the filing of the complaint as to a defendant who has not been properly served with process," the district court nevertheless entered an order of dismissal against the plaintiff in that case instead of remanding to state court for lack of subject matter jurisdiction. Id. at 886-87.

In other similar cases, courts have granted defendants' motions to dismiss in cases that were "jurisprudentially dead" at the time of removal from state court. Patterson v. Brown, 2008 WL 219965, *4 (W.D.N.C. 2008) (citing cases); see also Morton v. Meagher, 171 F. Supp. 2d 611 (E.D. Va. 2001) (dismissing plaintiff's case for failure to serve process prior to removal within the statute of limitations as required by state law); Eccles v. Nat'l Semiconductor Corp., 10 F. Supp. 2d 514, 519 (D. Md. 1998) (dismissing plaintiff's case for failure to serve process in state court according to state law before removal). In all of these cases, the courts recognized that a case may be removed from state court even if "jurisprudentially dead" under state law. Upon motion of the defendant, the case will then be dismissed as barred by state law. Thus, these cases indicate that a defendant has a right to be heard in federal court if federal jurisdiction exists, even if the underlying case is subject to dismissal on state law grounds.

**B. Defendant's Motion to Dismiss**

Having determined that this court has jurisdiction to hear this motion, the court will now consider Defendant's Motion to Dismiss. Defendant asserts that Plaintiffs' complaint should be dismissed for insufficient process pursuant to Fed. R. Civ. P. 12(b)(4). In cases removed from state court, "state law governs the sufficiency and service of process before removal." Eccles, 10 F. Supp.

2d at 519. Under North Carolina law, a summons must be issued within five days of the filing of the complaint. N.C. R. Civ. P. 4(a). In the present case, no summons was ever issued. Because more than five days elapsed between the filing of the complaint and removal, dismissal is appropriate in this case.[5]

### III. CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs' complaint shall be dismissed without prejudice.

Signed: January 20, 2009

Richard L. Voorhees
United States District Judge

---

[5] Even if the Federal Rules of Civil Procedure were applied, the result would be the same. Under the Federal Rules, a summons must be served within 120 days of removal. Fed. R. Civ. P. 4(m). If a defendant is not served within this time period, then the court "must dismiss the action without prejudice against that defendant." Id. In the instant case, Defendant has not been served with a summons and more than 120 days have elapsed since the case was removed on July 18, 2008.